UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:12CV00738 AGF |
| AVIS BUDGET CAR RENTAL, LLC; AVIS RENT A CAR SYSTEM, LLC; RICHARD HARDWICKE; JEFF BRUNO; and DAN PASTORIUS, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff Robert Hall's motion to remand the case to the state court in which it was filed (Doc. No. 14). For the reasons set forth below, the motion to remand shall be granted.

## BACKGROUND

Plaintiff initiated this action on March 13, 2012, in the Circuit Court of St. Louis County, Missouri, under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq*., against his former employer "Avis"; and three individual former supervisors.  Plaintiff, who is African American, asserts claims of hostile work environment, and race discrimination and retaliation in the termination of his employment on December 13, 2010.  Plaintiff and the three individual Defendants are citizen of Missouri; Avis is a citizen of Delaware.

On April 25, 2010, before Hardwicke and Pestorius had been served, Avis and Bruno removed the action to this Court based upon diversity jurisdiction.  Avis and

Bruno asserted that the $75,000 jurisdictional amount for diversity jurisdiction had been met, and that Bruno had been fraudulently joined such that he did not defeat the complete diversity requirement for diversity jurisdiction.

The fraudulent joinder claim was based on the assertion that the administrative charge filed by Plaintiff on February 28, 2011, (Doc. No. 7-1) did not specifically list Bruno as an allegedly discriminating party, but rather only listed Avis and Hardwicke. Avis and Bruno argued that while Plaintiff filed an amended charge on February 6, 2012, (Doc. No. 7-2), adding claims for discrimination based on sex and retaliation and adding Bruno and Pastorius as discriminating parties, the amended charge was not investigated prior to the issuance of a right to sue letter on February 12, 2012.

On May 9, 2012, Plaintiff filed a motion to remand, arguing that the removing Defendants did not show complete diversity because the citizenship of Hardwicke and Pastorius was ignored; that Bruno's joinder was not fraudulent; and that in any event, the question of whether Bruno's joinder was fraudulent should be determined by the state court.  Plaintiff points to the facts that the body of the initial administrative charge clearly stated that Bruno, as well as Hardwicke and Avis, "illegally considered my race in terminating my employment, and otherwise treated me differently than Caucasian employees," and that after he filed his amended administrative charge, the Missouri Human Rights Commission notified Bruno and Pastorius by letter that each had been added as a respondent.  Plaintiff maintains that the removal of this action had no objective basis, and that Plaintiff should thus be awarded his reasonable attorney's fees in connection thereto.

2

The removing Defendants reply that removal was proper and that "[t]here is no evidence that Plaintiff has actively attempted to ensure service on the Non-Served Parties. Thus, it is clear that the Plaintiff has also fraudulently joined the Non-Served Parties in a staggering effort to simply defeat diversity jurisdiction."

## DISCUSSION

Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.  Additionally, under 28 U.S.C. § 1441(b)(2), cases may be removed on the basis of diversity jurisdiction only as long as no defendant resides in the forum state.  "A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy."  *Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011) (citation omitted).

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'"  *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).  "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (citation omitted).

Under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees . . . not just against the company itself, and the failure to make him a party at

3

the administrative action before the . . . MHRC will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. 2009).  The Missouri Supreme Court explained in *Hill* that the purpose of requiring an individual to be named in the administrative charge is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation . . . ." *Id.* at 669.  The court identified four factors a court should consider when determining if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative] complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669-70 (citation omitted).

Here, a Missouri court would likely determine that Plaintiff's claims against Bruno are not barred.  Furthermore, the clear precedent in this District is that this determination is a question better left for review by the state court.  *See Fernandez v. GMRI, Inc.*, No. 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); *Jameson v. Gough,* No 4:09CV2021 RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010)*; Messmer v. Kindred Hosp. St. Louis, No.* 4:08–CV–749 CEJ, 2008 WL

4

4948451, at *3 (E.D.Mo. Nov. 10, 2008); *see also Jones v. Valspar Corp.*, No. 4:11-cv-00379-NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011).

Accordingly, Plaintiff's motion to remand shall be granted.  The Court believes that as the above standards are well established in the Eighth Circuit and in this District, under the facts of this case, Plaintiff is entitled to his reasonable attorney's fees in connection with the improvident removal.  Title 28 U.S.C. § 1447(c) provides that an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This Court has discretion under the statute whether to award costs and expenses where "the removing party lack[s] an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Section 1447(c) "does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs."  *Lytle v. Lytle*, 982 F. Supp. 671, 674 (E.D. Mo. 1997).

The Court finds that the removing Defendants lacked an objectively reasonable basis for seeking removal and will award Plaintiff his costs and expenses, including attorney's fees, associated with the removal.  The Court will retain jurisdiction over the issue of costs and expenses of removal only and remand the substantive action to state court.  *See Bryant v. Britt*, 420 F.3d 161, 165-66 (2d Cir. 2005); *Phelps v. Schwab*, No. 1:12CV00009 SNLJ (E.D. Mo. April 16, 2012).

## CONCLUSION

Accordingly,

5

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand the case to state court is **GRANTED**.  (Doc. No. 11.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all necessary steps to **REMAND** this case to the Circuit Court of St. Louis County, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that the removing Defendants' motion to dismiss certain counts against them will be reserved for ruling by the state court.  (Doc. No. 11.)

**IT IS FURTHER ORDERED** that the removing Defendants are required to pay the reasonable costs and expenses, including attorneys fees, incurred as a result of the removal of this case.  Plaintiff may submit, within two weeks of the date of this Memorandum and Order, request for such costs and expenses.  The removing Defendants shall have seven days thereafter to object to the amounts claimed by Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2012.